IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LOGAN LAUTENSCHLAGER, a Minor, by and through his Mother, SARAH LAUTENSCHLAGER and his Father, Lonnie LAUTENSCHLAGER as Next Friends and Natural Guardians, and LONNIE and SARAH LAUTENSCHLAGER, Individually,

    Plaintiffs,

v.

BLUE CROSS BLUE SHIELD of NEBRASKA, INC.,

    Defendant.

CASE NO. 4:13-cv-3203

**DEFENDANT BLUE CROSS BLUE SHIELD OF NEBRASKA, INC.'S NOTICE OF REMOVAL**

Defendant Blue Cross and Blue Shield of Nebraska, Inc. ("BCBS"), notifies the Court that it has removed the above-referenced action from the District Court of Hall County, Nebraska, Case No. CI 13-904, pursuant to 28 U.S.C. §§ 1331 and 1441. In support of its removal, Defendant states as follows:

1.    Plaintiffs Logan Lautenschlager, Sarah Lautenschlager and Lonnie Lautenschlager ("Plaintiffs"), filed the above-entitled civil action in the District Court of Hall County, Nebraska. Defendant BCBS was served with the Petition on November 14, 2013, and therefore has timely removed this case.

2.    This Notice is filed pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") based upon federal question jurisdiction and 28 U.S.C. §§ 1331 and 1441 which provide for removal of any civil action arising under the Constitution, laws or treaties of the United States or situations where the controversy is between citizens of different states.

3. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Nebraska is the federal district court for the district embracing the place where the state court suit is pending. Removal of this action to the United States District Court for the District of Nebraska is proper under federal question jurisdiction, 28 U.S.C. § 1331.

4. Plaintiff's allegations demonstrate that they are seeking benefits under an employee welfare benefit plan within the meaning of ERISA benefits plan. Specifically, Plaintiff alleges that:

a) "Prior to Logan's birth and thereafter, both Logan and Mrs. Lautenschlager were covered by a health insurance policy issued by BCBS through Mrs. Lautenschlager's employer." (Complaint ¶ 5).

b) Mrs. Lautenschlager and Logan filed suit on August 6, 2009 seeking recovery for injuries caused by the alleged negligence of certain health care service providers which they termed in the Complaint "the prior case." (Complaint ¶ 7).

c) Plaintiff quoted portions of the insurance policy language under "Part XVII. Subrogation and Contractual Right to Reimbursement." (Complaint ¶ 25).

d) "On May 14, 2013, BCBS asserted a subrogation claim for both Logan and Mrs. Lautenschlager in the aggregate amount of $147,193.84, stating they are willing to accept $110,395.38 as satisfaction of their rights." (Complaint ¶ 26).

e) "There is a dispute between Plaintiffs and BCBS over the construction and/or validity of the health insurance policy language contained in Exhibit C." (Complaint ¶ 32).

5. Based on Plaintiffs allegation that BCBS allegedly improperly asserted a subrogation interest against Plaintiffs based the provisions of Mrs. Lautenschlager's employer sponsored health plan, the suit is subject to and governed by the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* A true and correct copy of the relevant portion of the applicable plan document is attached hereto as Exhibit A.

6. Section 502(f) of ERISA, 29 U.S.C. § 1132(f), provides that the District Courts of the United States shall have jurisdiction, without regard to the citizenship of the parties or the amount in controversy, over actions brought to recover benefits allegedly due under an employee welfare benefit plan.

7. ERISA completely preempts any state-law claims alleged in Plaintiff's Petition and provides the exclusive federal remedy for resolution of claims from employee benefits plans and other ERISA entities and only the federal courts have jurisdiction of such subrogation claims.  29 U.S.C. §§ 1132(a)(1) and 1144; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).  A cause of action filed in state court which is preempted by ERISA is removable to federal court under 28 U.S.C. § 1441 as an action arising under federal law regardless of how pled.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pilot Life*, 481 U.S. 41 (1987).

8. Because the Court has original jurisdiction over this civil action, removal is proper pursuant to 28 U.S.C. § 1441.

9. This Notice of Removal is being filed pursuant to 28 U.S.C. § 1446 within thirty days of service of the Complaint on or about November 14, 2013.

10. Defendant expressly reserves all defenses to Plaintiffs' claims, including, but not limited to, all defenses based in law, equity, statute, constitution, jurisdiction, or

immunity, and arbitration, as well as any other defense or avoidance, and does not waive any defense or right by this removal.

11. Attached as Exhibit "B" and incorporated by reference is a true and correct copy of the state court pleadings served upon Defendant and removed by this notice.

12. Attached as Exhibit "C" is a true and correct copy of the Notice of Filing of Notice of Removal which has been served with this document on all parties and filed with the District Court of Hall County, Nebraska.

WHEREFORE, Defendant notifies the Court of the removal of this action from the District Court of Hall County, Nebraska to the United States District Court for the District of Nebraska.

## DESIGNATION OF PLACE OF TRIAL

Defendant designates Lincoln, Nebraska as the place of trial.

Dated this 6th day of December, 2013.

> BLUE CROSS AND BLUE SHIELD OF
> NEBRASKA, INC., Defendant,
>
>
> By: /s/ Christopher R. Hedican
>     Christopher R. Hedican (NE #19744)
> of  BAIRD HOLM LLP
>     1700 Farnam St. Ste. 1500
>     Omaha, NE  68102-2068
>     Phone: 402-344-0500
>     Facsimile:  402-344-0588
>     chedican@bairdholm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of December, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

      Patrick Cullan
      Joseph Cullan

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

      None

                                      /s/ Christopher R. Hedican

DOCS/1225860.1